COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                NO.
2-08-396-CR

 

 

BRENDA DANDA RAMIREZ                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Brenda Danda Ramirez
of possession of a controlled substance (methamphetamine) of more than four but
less than two hundred grams.[2]  After she pleaded true to the enhancement
paragraphs and habitual offender paragraph contained in the indictment, the
jury assessed her punishment at ninety-nine years=
confinement.[3]  The trial court sentenced her accordingly.

Ramirez=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Although Ramirez was given an opportunity to
file a pro se appellate brief, she has not done so.

Once an appellant=s court‑appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).








We have carefully reviewed the record, the
exhibits, and counsel=s brief, and we find nothing in
the record that might arguably support a direct appeal.[4]  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

PER CURIAM








PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.115(d) (Vernon
Supp. 2009).





[3]See Tex. Penal Code Ann. ' 12.33 (Vernon Supp.
2009) (stating the punishment range for a second-degree felony as two to twenty
years= confinement and a fine
not to exceed $10,000); see also id. ' 12.42(d) (Vernon Supp. 2009) (increasing
punishment range to twenty-five years to ninety-nine years or life imprisonment
if, after conviction of a felony offense, it is shown that the defendant has
previously been finally convicted of two felony offenses, and the second
previous felony conviction is for an offense that occurred subsequent to the
first previous felony conviction having become final).





[4]Based on the record
before us, we conclude that Ramirez would not prevail in a direct appeal
because an ineffective assistance of counsel claim is usually best addressed by
a postconviction writ of habeas corpus.  See
Thompson v. State, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999); Ex
parte Torres, 943 S.W.2d 469, 475B76 (Tex. Crim. App. 1997); see also Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009).  This is because, as here, A[i]n the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel=s actions.@  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.

Ramirez=s appellate counsel did
not raise ineffective assistance as a ground in her motion for new trial, and
the record does not reflect the motives behind trial counsel=s actions.  See Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (noting that absent opportunity for trial
counsel to explain his actions, an appellate court should not find deficient
performance unless the challenged conduct was Aso outrageous that no
competent attorney would have engaged in it@); see also Ex parte Nailor, 149 S.W.3d
125, 131B32 (Tex. Crim. App. 2004)
(holding that specific allegations of deficient attorney performance that were
rejected on direct appeal are not cognizable on habeas corpus as a part of a
larger ineffective assistance of counsel claim when defendant does not offer
additional evidence to support that specific claim of deficient performance in
habeas proceeding).